Case number 23-1733, Henry Searcy, Jr. Appellant v. DeMaurice Fitzgerald Smith, et al. Mr. Searcy for the appellant, Ms. Lee Amicus Curiel, Mr. Kessler for the appellate. Good morning, Mr. Searcy. Good morning, good morning. Your Honor, what would you do if you were contracted to take an exam, was told you failed, only to discover that the scoring methodology was arbitrarily changed? And the remedy which you was to appeal in accordance with was in accordance with the voluntary labor arbitration rules of the American Arbitration Association. You only discover by the American Arbitration Association that the voluntary labor arbitration rules no longer existed, never existed. This is why I'm here today. So I'm here to argue three points. I've been working with the courts for seven years on this, and hopefully I can get some resolution. I'm going to argue that Judge Walton did not consider my subsequent filings. I'm going to also argue that my state law claims are not preempted by Section 301. I'm going to also argue that the federal district court, this court, not this one particularly, but the other court in this building, is the subject matter jurisdiction, has subject matter jurisdiction over my state claim because of diversity and the amount of controversy. Therefore, as we speak right now, as I mentioned, the federal rules of procedure 11 allows for me and anybody else in this room to provide their own form of research prior to submitting a pleading. In that process, you're going to find that details change and post-pleadings change and legal theories change as well. Mr. Searcy, if you could just explain to me why you've chosen to bring these claims in federal court, because my understanding is that you're bringing state law claims and you don't believe that they are preempted by federal law. So I'm just interested in your own words, why you want to maintain the suit in federal. Yeah, because of two things. One, because of diversity. And also, two, the court has the diversity and the amount of controversy and the court will allow it. It's convenient for me. I'm a resident of Maryland. The NFLPA is a resident of D.C. DeMarie Smith is a resident of Maryland. And subsequent supplemental acts associated with the same incident, they can actually be allowed to be a part of the court case. So I figured this is kind of like my home field. So I want to be here. But not in local District of Columbia courts? No, no, no. Because there's two different factors. We got to complete diversity. Diversity is only complete if we're in two separate states. So I'm in Maryland, Bowie, Maryland. NFLPA is D.C. We got it. Now that I have a tort claim that I'm filing, and because of the tort claim, the amount of controversy is satisfied due to the fact that I, in good faith, identified in the complaint that it is over $75,000. So I just want to play on my home field. Is that OK? Thank you. I'm sorry. Why is this your home field instead of the local court? I'm not local. I'm not from here. Oh, I see. So I'm not from D.C. So, you know, but I do want D.C. law to apply. I see. Yeah. Oh, I see. Yes, ma'am. Because it's favorable for me. You know, it's like playing in your home field again. I'm very knowledgeable of the things. So D.C. law is actually governed by Maryland law, too. So, I mean, I shouldn't tell you that. But so it's going to provide an opportunity for my case. So nevertheless, let me get... Do you fear that they'll be biased against you in the local court because you're not from D.C.? The only person that biases me is Judge Walton so far. I think I'm acceptable anywhere now. And I think the facts and statements that I'm saying are just pretty plain. Pretty plain and simple. I just need someone just to listen to them and quit adding stuff to the process. So this is the second time I'm here, by the way. I don't know if you know. I actually... So I'm back. But I'm back because Judge Walton did not do what... This court told him to do. He told him to review and provide a ruling on my state law claims. He did not. So that's why I'm here again. Just to make sure that he does exactly what he's supposed to do. Maybe you can... Whoever was in the panel last time didn't make him do it. But they told him to do it, but he didn't. So I'm hoping he can do it this time. Nevertheless, are there any other questions? Okay. So one of the things I have a challenge with is that the case law of Ms. Cardi. Ms. Cardi is a CVS pharmacy person. She was a pro se litigant. My pro se... She, as a pro se litigant, this little lady, she actually submitted subsequent filings complaining about her systemic internal acts of cause that caused her distress. The court considered her pleadings broadly. And so broadly that Ms. Cardi's complaint was identified as... Another claim was added as an intentional infliction of emotional distress. Just because she caused her subsequent pleadings and because she was a pro se litigant. However, when it comes to me, I am a pro se litigant. I actually submitted legal theories and changed my legal figures just like Ms. Cardi. However, my legal theories were not considered. They were not considered at all. The record would show that my subsequent pleadings stated that the NFLPA and DeMarie Smith was in violation of the DC Arbitration Act. The record would also show that I filed a federal civil procedure, Section 15A2 with the court to require justice to be served because the requirements does that. And because justice so required, and the reason why it was required because the NFLPA attorney and DeMarie Smith attorney admitted to breaching the contract between the appellate and the NFLPA that was put in writing. The record would show as according to the federal rules of evidence that both the NFLPA and DeMarie Smith attorney, which is Angela Smitley, of Winston and Strong, stated in the subsequent filings that, and I quote, there's no genuine dispute as to any material fact that the NFLPA breached the contract between Searcy and the NFLPA. The motion does not mention Smith, end quote. Do you want to reserve any time for rebuttal? I think one minute. You got two minutes left. Okay. I don't get first because of questions. Okay. So, therefore, the record would show that NFLPA attorney Joe Briggs affidavit and the discovery response provided to me during the American Association appeal hearing, which was not an appeal hearing associated with the American Association. He provided an appeal hearing according to the voluntary, he provided an affidavit that admits that the NFLPA changed the scoring methodology. In that affidavit and in those responses, he identified that the players association did not ratify the contracts because he said that there were no ratified bylaws or meeting minutes to prove the change of scoring methodology. He also said that the NFL paid in that affidavit, it states that the NFL paid pro metric to change the scoring methodology on an NFLPA contractor exam, and the appealant was not providing an appeal hearing. Therefore, another thing I'm going to say is that state law are not presented by section 301. The reason why is because the article 48 of the NFL contract does not consider any applicants. I'm an applicant. I'm not a certified agent. Applicants are listed in the contract between prospective agents and the NFLPA, but only people that are privileged to the NFL collective bargaining agreement are those that are not applicants, that are certified contractors. Section two of the NFLPA contract states this, and it also identifies the applicant. Therefore, a ruling should be done for me as an applicant, not a certified contractor. All right. Thank you. We have your argument. We'll hear now from Ms. Lee, court-appointed amicus curia. Thank you, Your Honor. Erica Hashimoto from the Georgetown Law Center is court-appointed amicus. With the court's permission, third-year law student Alexandra Lee from the Georgetown Law Center's Appellate Litigation Clinic will present argument on behalf of amicus. Thank you, Ms. Hashimoto, and welcome, Ms. Lee. Your Honors may please the court. When Congress enacted section 301 of the Labor Management Relations Act that authorized federal courts to create uniform federal common law governing labor contracting, Congress made clear in the statutory text that section 301 implicates only those labor contracts between an employer and a union, or between two unions. Consistent with the scope set out by Congress, the Supreme Court found two separate paths to preemption, with one important limiting principle, that preemption applies only where the interpretation of a 301 labor contract becomes necessary. The union's position contradicts both the statutory definition set out by Congress and the limiting principle fashioned by the Supreme Court. I'll first explain why the regulations are neither a 301 labor contract by itself, nor a part of the collective bargaining agreement between the NFL and the Players Association, and I'll move on to why this is a 301 labor contract to find preemption. First, the text of section 301 is crystal clear. A labor contract has to be one between an employer and a union, or between two unions. The regulations is an agreement between the Players Association and Mr. Searcy, and it simply doesn't fit within the statutory definition set out by Congress. What about the Black decision in the district court that seems to support what Judge Walton did here? Your Honor, we're asking this court to overturn the Black decision precisely because that decision overlooks the clear statutory language defining what a 301 labor contract is. So a regulation, the regulations by itself, is not a 301 labor contract. It is also not a part of the collective bargaining agreement because the NFL and the Players Associations agree that only the union will get to set the standards for selecting agents, and the NFL will have no part in it. And so consistent with that contractual design to place certification beyond the reach of the CBA never mentioned the regulations by name, and they also never expressly incorporate the regulations by reference. And because the regulations are not a labor contract, nor part of the collective bargaining agreement, section 301 preemption is only possible here if this court needs to interpret the collective bargaining agreement to resolve Mr. Searcy's claims. Let me ask you a question. So it seems to me that there are two competing principles that here with respect to jurisdiction. One is that a plaintiff who wants to bring their claim in federal court has to establish that there is subject matter jurisdiction. And so arguably, Mr. Searcy has failed to do so here because there's not complete diversity and he's only bringing state law claims, not a federal law claim. So in that context, why should we be thinking about 301 preemption at all to establish jurisdiction? I mean, this isn't a removal case. It's not a case where originally the claims were brought in a state court or in the District of Columbia courts. Your Honor is exactly right that section 301 preemption cannot serve as a basis for federal question jurisdiction. And because there is no other basis that would provide federal subject matter jurisdiction that we're asking this court to reverse the District Court's finding. My question is not necessarily about the merits of whether 301 preemption applies here, but rather whether we should be considering the 301 preemption question at all in this posture. Your Honor, I'm not sure I understand your question, but our position is that if the union is concerned with its ability to select agents, you know, plaintiff could always raise these claims. Section 9A preemption under the National Labor Relations Act is always available for the union to use as an affirmative defense. And so these claims are properly brought and should proceed in state court. So aren't we considering preemption under 301 because this court remanded for the District Court to decide that question? Yes, Your Honor. So just procedurally, this is a little different from a case where the court just sui spate starts looking at preemption based on what the plaintiff or the appellant argued. Isn't that right? Right. I think my recollection is that previously the District Court dismissed this case under 12B6 of the federal rules of civil procedure instead. And the issue on appeal is whether the District Court has subject matter jurisdiction to dismiss a case under 12B6 to begin with. So it's a matter of whether this court dismiss under 12B6 or 12B1. Thank you. And the significance of that for Mr. Searcy would be if it's dismissed for lack of jurisdiction, it's dismissed without prejudice versus if it's dismissed on 12B6 grounds, it's dismissed with prejudice. Yes, Your Honor. And Mr. Searcy is free to bring his state law claims in the D.C. Superior Court. And that case would properly proceed in state court. There's also no preemption here because Mr. Searcy's claims require this court to interpret only the agent regulations. So the Alice Charmer preemption test provides two paths to preemption. A plaintiff could either raise a claim that's substantially dependent upon the interpretation of a labor contract or inextricably intertwined with the interpretation of a labor contract. And so here Mr. Searcy makes two broad factual allegations. His first allegation is that the union failed to amend the regulations to reflect the changes they made in the exam procedures. And for that allegation, this court has to turn to Section 1C of the regulations. His second allegation is that the union did not comply with the arbitration procedures. And so for that claim, this court has to look at Section 5 of the regulations. So the Article 48 Section 1 does have quite detailed discussions about the NFLPA's obligations about deleting an agent from its list with a lot of just very detailed circumstances that they have to consider. And so and it also says the NFLPA shall have sole and exclusive authority to determine the number of agents to be certified and the grounds for withdrawing or denying certification of an agent. So why is this not intertwined with that? Because first Mr. Searcy's claims are sufficiently removed from whether the union indeed has the power to promulgate the regulations or to determine the grounds for certification. So his claims are essentially that when he applied for certification, the agreement is that the union would conduct the exam and the arbitration according to the regulations, but they failed to do so. So it's about the nitty gritty of how the union went about certifying him and not about whether the union indeed has the power to conduct exams and to certify agents. And I want to address the gravamen of the union's argument, which is that sports, because sports unions operate differently in their collective agreement, then section 301 preemption has to apply to protect the union's ability to select agents. That concern is certainly important, but that should not drive this court's section 301 preemption analysis. The union's ability to delegate its exclusive bargaining power to certify agents flows directly from section 9A of the National Labor Relations Act. And a section 9A concern is properly addressed by section 9A preemption, meaning that the union can raise section 9A as an affirmative defense in state court to insulate itself from any state law claims. And I want to point out that a built-in mechanism to ensure that the union gets the say-so of arbitration. So arbitrators, not state or federal courts, will interpret the regulations in the first instance. All right, Ms. Lee, your time has expired. If you want to just say a couple words to conclude, we'll give you some time on rebuttal. Yes, I can reserve the rest of my time. Thank you. Thank you. All right, we'll hear from Mr. Kessler on behalf of Apple East. Good morning, Your Honor. Let me start with Judge Pence's question. We agree, as your question, Lee, suggested that the detailed obligations the union assumed in this CBA to have an agent regulation system, to apply certain rules in that system for both certification and denial of certification, makes the regulations sufficiently intertwined with the CBA that it fits right into the complete preemption of section 301 as articulated in the statute. And that's not limited. The issue is not just whether it's a CBA issue, but whether there's a labor contract involved. That's what retail clerks make clear. When you look at the policies of complete preemption, what are the policies that are there? Has Congress so regulated the area that we can't have individual state courts making these determinations because we need a uniform national regulation? That applies directly to this type of agent regulation system, which was correctly pointed out, comes from section 9 of the National Labor Relations Act. When you look at the combination of that statute and you look at the Supreme Court's decision in H.A. Audis, which talks about that in entertainment and sports unions, where you have this delegation, the agents are themselves labor parties. If you could respond to the question that I asked Ms. Lee, why do we need to think about complete preemption in this context, where the plaintiff arguably has not demonstrated subject matter jurisdiction? Maybe it has to go back to, or maybe those claims need to be brought in a state court. So I'll answer both procedurally and substantively, if I may. Procedurally, the prior order of this court created this issue. It asked about this issue. That doesn't mean that that issue is one we have to decide. Okay, so then moving on to that sort of procedurally why we're here, but substantively, if this case were filed in state court or in D.C. local court, we would remove. And when we would remove, we would be back in the federal court. The issue would be here, maybe come up here again. And really, in sympathy with Mr. Searcy, he's been doing this for seven years. He'd like some resolution. I think now's the time to get that resolution, whatever the court decides, rather than say, we're not going to decide it, have it go back. He either files again in local court, we remove, then Your Honor would agree, because we're going to argue complete preemption. So it does and we're back up in exactly the same spot. Can you point to cases where a court uses complete preemption to establish federal subject matter jurisdiction in the first instance? Sure. Actually, not all the cases, but some of the cases we cited. So for example, one was the Weinberg case in the Northern District of Texas involving these regulations. It was removed to the Northern District of Texas. That was first filed in state court. That's in the context of removal. I'm saying not when there's no removal, when the initial claims are brought in federal court, and then the federal court uses complete preemption as the basis for its subject matter jurisdiction. So I don't know of a specific case, but the reason why it doesn't come up. So the parties being sued in these cases are either the union or the employer, those are the two labor parties or related labor parties. Those two, we don't agree about a lot of things, but the union and the employer always agree we should be in federal court because we need a national body of law to have consistently do this. Imagine if we had an agent regulation system, and some agents did have to pass the test if they're in one state, and some agents in another state didn't have to pass the test. How could we delegate our labor authority under that? So we need this type of uniform system. That's why every district court that's looked at this, and so it was it was Black, it was Weinberg, it was Poston, the decision below. When they look at it, they go say, yes, one way or another, whether it's under Section 9 of the NLRA, which I also believe, by the way, can be complete preemption. I want to raise that point. It was noted this court's decision in Exxon said there's only three identified by the Supreme Court. That's true, but the Supreme Court has not ruled that the National Labor Relations Act couldn't be added to that list. The way you would decide that issue is you look at the decision in Condon, which says there's preemption, and what Condon says in the Supreme Court is that it's a total occupation by Congress to give total regulation over how unions control themselves and delegate their exclusive authority. So if you apply the principles of Condon, and you apply the principles of H.A. Audis, which note this special relationship in the labor parties, you come to the same preemption result under either Section 9 of the National Labor Relations Act, or under Section 301 of the LMRA for the reasons identified by Judge Pan. I think the way the court should look at that again is, has Congress comprehensively regulated this issue of unions delegating to Congress? We couldn't anymore have our delegation of authority if we couldn't regulate the terms. For example, we have regulations about that they can't have criminal records, they can't commit fraud, they can't deceive the players. All of that has to be done on a national basis, so we couldn't have this delegation of authority with respect to that. So when you look at it that way, when believe that under either statute there's complete preemption, and either one, we should be in this court, and all of us should have some final resolution of this after seven years of doing this. So unless your Honor, there's any questions for me, I don't usually stop with time left over, but I feel like I've made the points that I would like to make. Thank you. Thank you. All right, Mr. Searcy, you were out of time, but we'll give you one minute for rebuttal. Okay. In addressing some of the discussion that was had, the court, which means another reason why I should be here, because my claims are over a million dollars, and that's another thing. Also, U.S. Constitution and Congress established two requirements to allow for federal courts to hear cases in this court, and so those two requirements I've identified. The next thing is that the NFL PA regulation has a two-track. There's an applicant track, and there's an NFL agent track. The reason why you look at the collective bargain agreement, you see all those discussions about agent, agent, agent, agent, agent, or contract advisor, that's Costco. I'm an applicant. I can't get in Costco, okay? I'm an applicant. So I have to sign a contract just to satisfy the contract, and that contract said in Appendix A, I further agree that this application for constitute a contract between the NFL PA and myself. I'm an applicant. If this case were to be dismissed for lack of jurisdiction, that would be without prejudice, and that means you could bring it again in the D.C. Superior Court, and I just wanted to note, I was a judge on the D.C. Superior Court for 12 years, and I have every reason to believe that you would get a full and fair hearing in that court. They are accustomed to cases like this involving litigants who are from Maryland or from Virginia and have a case in D.C., and they're very accustomed to dealing with pro se litigants such as yourself, and so I just wanted to note that you had said you brought your case here because you thought it was your home court, and I hope that you'll consider that if, I'm not saying it will, but if it were dismissed for lack of jurisdiction, you could bring it again in Superior Court, and you would get the kind of law that you want applied, which is the D.C. law, and they are very experienced at applying that law, so I just wanted to note that for the record. Thank you, Mr. Stiercy. Ms. Lee, your time was expired, but we'll give you a minute for rebuttal. Your Honor, I have two points to clarify on rebuttal. So, inextricably intertwined doesn't mean that the regulations and the collective bargaining agreement are inextricably intertwined. It means that the resolution of Mr. Stiercy's claims has to be inextricably intertwined with the interpretation of a labor contract, and that's the only way that there would be Section 301 preemption here. Second, the union explicitly kept the certification process out of the reach of the NFL, and in doing so, removing it from the purview of Section 301, and that is the process that the union bargained for and agreed to, and this Court should not expand the scope of Section 301 preemption to accommodate what the union bargained for, but now decided that it doesn't like. If your Honors don't have any more questions, I'll cede my time. Thank you. Thank you, Ms. Lee. You were appointed by the Court to assist the appellant and assist the Court, as Amicus Curiae in this case in the Court thanks you for your assistance. The case is submitted.
judges: Wilkins, Rao, Pan